## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE LETTER OF REQUEST ) | |
| FROM SWITZERLAND ) | |
| IN THE MATTER OF ) | Misc. No. 08- |
| EDGAR BECK ) | |

## GOVERNMENT'S MEMORANDUM OF LAW
## IN SUPPORT OF APPLICATION FOR ORDER

This memorandum of law is submitted in support of the Application for an Order pursuant to Title 28, United States Code, Section 1782, in order to execute a letter of request from Switzerland. A copy of the translation is attached.

FACTUAL BACKGROUND:

This investigation is being conducted by the Swiss authorities who are investigating a case of alleged fraud and forgery.

EVIDENCE SOUGHT:

The Swiss authorities seek information from the Delaware Secretary of State's Office and a corporation that may reside in Delaware. The authority for this Court to accede to this request is contained in Title 28, United States Code, Section 1782, which states in part:

> (a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the

> testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

The proper criteria for determining whether the court should exercise its discretion in favor of executing the request are outlined in <u>In Re Request for Judicial Assistance from the Seoul District Criminal Court</u>, 555 F.2d 720, 723 (9th Cir. 1977) (citation omitted):

> Under the statute the only restrictions explicitly stated are that the request be made by a foreign or international tribunal, and that the testimony or material requested be for use in a proceeding in such a tribunal.... [and] that the investigation in connection with which the request is made must relate to a judicial or quasi-judicial controversy.

Moreover, "(t)he judicial proceeding for which assistance is sought ... need not be pending at the time of the request for assistance; it suffices that the proceeding in the foreign tribunal and its contours be in reasonable contemplation when the request is made." <u>In Re Letter of Request from the Crown Prosecution Services of the United Kingdom</u>, 870 F.2d 686, 687 (D.C. Cir. 1989).

The letter of request in this case shows that the information sought is for use in such proceedings in Switzerland and hence the request comes well within those circumstances contemplated by Congress in expanding the Federal Courts' authority to act in such matters. *In Re Letter of Request from the Crown Prosecution Service of the United Kingdom*, 870 F.2d 686, 689-91 (D.C. Cir. 1989); *In Re Letters Rogatory from the Tokyo District, Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976). Therefore, I ask this Court to honor the request for assistance.

The reception of letters of request and the appointment of a Commissioner to execute them are matters customarily handled <u>ex parte,</u> and persons with objections to the request raise those objections by moving to quash any subpoenas issued by the Commissioner. *Id.*

**WHEREFORE**, the United States requests that the Court issue an Order, in the form, appended hereto, appointing a Commissioner in order to execute the request for assistance.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

BY: _____
David L. Hall
Assistant U.S. Attorney
1007 N. Orange Street
Wilmington, DE  19801
(302) 573-6277

Dated: 4/7/08

PUBLIC PROSECUTOR'S OFFICE
ZURICH - LIMMAT

| | | |
|---|---|---|
| Our reference: | C-2/2005/3040 | |
| Contact person: | PP. Dr. iur E. Fretz | To the competent criminal |
| Direct telephone: | 044 248 24 92 | prosecutor's office of the |
| Direct fax: | 044 248 23 38 | United States of America |
| Date: | 13 February 2008 | |

Reference:     Criminal investigation of Edgar Beck, 24.11.1939, RE: fraud, etc
Concerning:    Request for legal assistance

To whom it may concern:

The Public Prosecutor's office of Zurich-Limmat, office no. C-2, is proceeding against

**Beck Edgar** Winfried Ernst, born on 24.11.1939 in Stuttgart, from Germany, son of Franz Beck and Lina Beck, maiden name Utz, widowed, graduated Industrial Engineer/retired, residing at
Zweierstrasse 177, 8003 Zurich

pertaining to **fraud, etc.**

### Facts of the case

The defendant is accused of seeking to purchase property in Zurich in 2005 and thereby feigning solvency to the salesperson of the property. He substantiated his solvency by furnishing the salesperson, respectively his representative, a falsified bank guarantee from the Royal Bank of Scotland in the amount of CHF 1,650,000.-. Furthermore, the defendant is supposed to have produced for the salesperson, respectively his representative, a letter from a Dahll Scott Corporation wherein the Dahll Scott Corporation confirms that it had allegedly transferred the sum of CHF 1,650,000.-. The defendant claimed that he was the owner of the Dahll Scott Corporation and the Dahll Scott Foundation with headquarters in Delaware, which disposed of assets valued at several million US dollars.

In 2007 the defendant allegedly submitted to a Swiss bank, among other things, a confirmation from the Office of the Secretary of State of Delaware, share certificates from a Dahll Scott Corporation, an audit report with various attachments from a Dahll

---

Address: Postfach, 8026 Zurich
Packages: Stauffacherstrasse 55, 8004 Zurich
Telephone: 044 248 21 11

www.staatsanwaltschaft.zh.ch

Scott Corporation as well as forged Silver Certificates in order to prompt the bank into issuing him with a confirmation of his supposed creditworthiness.

**Applicable legal dispositions**

Art. 146 StGB (Swiss Criminal Code)

Fraud

[1] Whoever deliberately seeks to obtain wrongful enrichment for himself or a third party by maliciously deceiving a person through false pretences or the suppression of facts, or insidiously encourages a falsity and thereby induces a person to damnify his own assets or the assets of a third person shall be punished with imprisonment of up to five years or receive a fine.

[2] If the perpetrator acts professionally, then he shall be punished with imprisonment for up to ten years or be fined for not less than 90 daily rates.

[3] Fraud committed against a relative or a family member shall be pursued only if a petition is filed.

Art. 251 StGB

Falsification of documents

1. Whoever, deliberately seeking to damnify another person's assets or their other rights or to procure a wrongful benefit for themselves or a third person,

falsifies or tampers with a document, uses the authentic signature or the authentic hand mark of another to fabricate a falsified document or wrongfully certifies in a document, contrary to the truth, a fact of legal importance,

or makes use of such a document to deceive another,

shall be punished with imprisonment for up to five years or receive a fine.

2. In particular cases of a less serious nature, imprisonment may be pronounced for up to three years or a fine may be imposed.

Address: Postfach, 8026 Zurich
Packages: Stauffacherstrasse 55, 8004 Zurich
Telephone: 044 248 21 11

www.staatsanwaltschaft.zh.ch

I am hereby requesting legal assistance for the following:

**Dahll Scott Corporation**

1. Is there a Dahll Scott Corporation in Delaware?

   <u>If yes,</u>

   When was the Dahll Scott Corporation founded?

   Who founded the Dahll Scott Corporation?

   What was the starting capital in the Dahll Scott Corporation?

   Where there any changes in the company's capitalization?

   <u>If yes,</u>

   When did the changes occur and how high is the capitalization currently?

   What kind of business activity is the Dahll Scott Corporation involved in?

   What are the names of those authorized with the power of attorney at the Dahll Scott Corporation?

   In what capacity is Edgar Beck involved at the Dahll Scott Corporation?

   In what capacity is Mr. Ernst involved at the Dahll Scott Corporation?

   In what capacity is Don Rakestraw involved at the Dahll Scott Corporation?

   Is there information on the main shareholders of the Dahll Scott Corporation?

   <u>If yes,</u>

   What are their names?

1.11 Are there any financial statements or income statements for the Dahll Scott Corporation?

   <u>If yes,</u>

   Please provide these.

1.12 Did the Dahll Scott Corporation pay US federal and foreign income taxes as follows: for the year 1995 USD 4,190,458.00, for the year 1996 USD 12,637,051.00, for the year 1997 USD 3,846,674.00, for the year 1998 USD 4,308,275.00 and for the year 1999 USD 6,248,300.00?

   <u>If no,</u>

Address: Postfach, 8026 Zurich
Packages: Stauffacherstrasse 55, 8004 Zurich
Telephone: 044 248 21 11

www.staatsanwaltschaft.zh.ch

In what amount were US Federal and foreign income taxes paid for the years 1995 to 1999 by the Dahll Scott Corporation?

1.13 Do the US tax authorities have any knowledge of the follow enclosed documents (audit report, consolidated balance sheet, financial analysis)?

If yes,

Why did the Dahll Scott Corporation not pay taxes according to question 1.12 if according to the enclosed "FINANCIAL ANALYSIS" they should have paid them?

1.14 Do you have anything to add to the enclosed documents (audit report, consolidated balance sheet, financial analysis)?

1.15 Is the copy of the enclosed certificate "State of Delaware Office of the Secretary of State" dated 03-14-95 authentic or is it a forgery?

If it is indeed a forgery,

What marks distinguish this certificate as a forgery?

**Dahll Scott Foundation**

2. Is there a Dahll Scott Foundation in Delaware?

If yes,

When was the Dahll Scott Foundation founded?

Who founded the Dahll Scott Foundation?

What was the starting capital in the Dahll Scott Foundation?

Where there any changes in the foundation's capitalization?

If yes,

When did the changes occur and how high is the foundation's capitalization currently?

What is the purpose of the Dahll Scott Foundation?

What are the names of those authorized with the power of attorney at the Dahll Scott Foundation?

In what capacity is Edgar Beck involved at the Dahll Scott Foundation?

In what capacity is Mr. Ernst involved at the Dahll Scott Foundation?

In what capacity is Don Rakestraw involved at the Dahll Scott Foundation?

Is there information on the main beneficiaries of the Dahll Scott Foundation?

If yes,

What are their names?

2.11 Are there any financial statements or income statements for the Dahll Scott Foundation?

If yes,

Please provide these.

**Silver Certificate**

3. Is the copy of the enclosed Silver Certificate a forgery?

If yes,

Was there ever an authentic Silver Certificate in the amount of USD 100,000,000 issued?

If yes,

Was a Silver Certificate ever issued in the 1923 series in the amount of UD 100,000,000?

How many different face values are there for Silver Certificates?

Are there authentic Silver Certificates which have a different amount in words (ONE HUNDRED MILLION DOLLARS) on the front side than the amount in words (ONE MILLION DOLLARS) featured on the flipside?

Are there authentic Silver Certificates which on the flipside have the amount in words (ONE MILLION DOLLARS) and a different value in numbers (100,000,000)?

If a Silver Certificate with the serial number A00001862A exists, what is the face value of this Silver Certificate?

Does this Silver Certificate have other marks to distinguish it as a forgery?

4. Do you have any further comments to add?

Sincerely yours,
Public Prosecutor's Office Zurich-Limmat
Department C Office 2
(signature)
PP Dr. iur. E Fretz

Address: Postfach, 8026 Zurich
Packages: Stauffacherstrasse 55, 8004 Zurich
Telephone: 044 248 21 11

www.staatsanwaltschaft.zh.ch

Enclosed:

Audit report

Balance sheet, financial analysis

Copy of the certificate from the State of Delaware

Copy of the share certificate

Copy of the Silver Certificate

Address: Postfach, 8026 Zurich
Packages: Stauffacherstrasse 55, 8004 Zurich
Telephone: 044 248 21 11

www.staatsanwaltschaft.zh.ch

Gemäss Art. 307 & 320 StGB übersetzt.

*F. Strassburg*
Françoise Strassburg

Address: Postfach, 8026 Zurich
Packages: Stauffacherstrasse 55, 8004 Zurich
Telephone: 044 248 21 11

www.staatsanwaltschaft.zh.ch

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

IN RE LETTER OF REQUEST  )
FROM SWITZERLAND         )
IN THE MATTER OF         )  Misc No. 08-
EDGAR BECK               )

### ORDER

Upon application of the United States of America; and upon examination of a letter of request from Switzerland whose authorities are seeking certain testimony and information from individuals which may be found in this District, for use in a judicial proceeding in Switzerland and the Court being fully informed in the premises, it is hereby

**ORDERED**, pursuant to Title 28, United States Code, Section 1782, that David L. Hall, Assistant United States Attorney, hereby is appointed as Commissioner of this Court and is hereby directed to execute the letter of request from the Swiss authorities as follows:

1. to take such steps as are necessary, including issuance of commissioner's subpoenas to be served on persons within the jurisdiction of this Court, to collect the evidence requested;

2. provide notice with respect to the collection of evidence to those persons identified in the requests as parties to whom notice should be given (and no notice to any other party shall be required);

3. adopt procedures to collect the evidence requested

consistent with its use as evidence in a proceeding before a Court in Switzerland, which procedures may be specified in the request or provided by the Swiss authorities;

    4. seek such further orders of this Court as may be necessary to execute this request; and

    5. certify and submit the evidence collected to the Office of International Affairs, Criminal Division, United States Department of Justice, or as otherwise directed by that office for transmission to the Swiss authorities.

IT IS FURTHER ORDERED that, in collecting the evidence requested, the Commissioner may be accompanied by persons whose presence or participation is authorized by the Commissioner.

Dated:  This _____ day of _____, 2008.


_____
United States District Court Judge